1  Teresa H. Michaud (State Bar No. 296329)
     teresa.michaud@bakermckenzie.com
2  **BAKER & McKENZIE LLP**
   10250 Constellation Boulevard, Suite 1850
3  Los Angeles, California 90067

4  Telephone: 310.201.4728
   Facsimile:  310.201.4721
5
   Alexander G. Davis (State Bar No. 287840)
6    alexander.davis@bakermckenzie.com
   **BAKER & McKENZIE LLP**
7  600 Hansen Way
   Palo Alto, CA  94304
8  Telephone: 650.856.2400
   Facsimile:  650 856 9299
9
   Attorneys for Plaintiff
10 VOTORANTIM S.A.

11                    UNITED STATES DISTRICT COURT

12                  CENTRAL DISTRICT OF CALIFORNIA

13

14

15  VOTORANTIM S.A.,                    Case No.

16                    Plaintiff,        **COMPLAINT FOR:**
                                        **1. FEDERAL TRADEMARK**
17          vs.                            **INFRINGEMENT [15 U.S.C. §**
                                           **1114];**
18  JOÃO D, SANTOS, an individual;     **2. UNFAIR COMPETITION AND**
    CLAUDIA LOPES, an individual;          **FALSE DESIGNATION OF**
19  VOTORANTIM GROUP LLC, a limited       **ORIGIN [15 U.S.C. § 1125];**
    liability company; and DOES 1-10.  **3. TRADEMARK**
20                    Defendants.          **INFRINGEMENT [CAL. BUS.**
                                           **& PROF. CODE § 1425]**
21                                      **4. UNFAIR COMPETITION**
                                           **[CAL. BUS. & PROF. CODE §**
22                                         **17200]**

23

24

25                                      **DEMAND FOR JURY TRIAL**

26

27

28

Plaintiff VOTORANTIM S.A. ("Plaintiff"), through its attorneys, alleges as follows:

## INTRODUCTION

1.    Votorantim is a Brazilian family-owned holding company with operations dating back more than 100 years.  Its portfolio companies operate in 19 countries in the building material, finance, electric power, metals and mining, orange juice, aluminum, long steel and real estate industries.

2.    In mid-2020, Votorantim was targeted in a criminal fraud scheme by Defendant João Santos.  Defendant Santos, as aided by Defendant Lopes and the DOE Defendants, formed Defendant Votorantim Group LLC ("Votorantim Group").  Despite this entity's name, Votorantim Group has no affiliation with, or authorization from, Votorantim S.A.  On information and belief, Votorantim Group is a shell company created for the specific purpose of usurping Votorantim S.A.'s protected trademarks and other intellectual property, goodwill and strong reputation built on a century of successful business operations to perpetrate a fraud on unsuspecting individuals who thought they were doing business with Votorantim S.A.

3.    Defendant Santos, Defendant Lopes and the DOE Defendants proceeded to set up bank accounts, rent office space, and falsify corporate documents in an effort to lend credibility to infringing shell company Votorantim Group.

4.    Ultimately, Defendants succeeded in defrauding a Peruvian company seeking to purchase goods from Plaintiff on behalf of its clients.  Defendants stole more than $150,000.  Defendants accomplished this fraud in direct reliance on Plaintiff's protected intellectual property rights.

5.    This is an action to hold Defendants accountable for their fraudulent, infringing and unfair conduct.  Defendants have ignored any attempts to contact them at the phone numbers and email addresses provided to the Peruvian company.

They appear to be plotting more ways in which to trade on Votorantim's good name to commit further crimes and engage in more tortious conduct.

## JURISDICTION AND VENUE

6.     The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and, as Plaintiff has asserted federal trademark claims under the Lanham Act, § 1338.  The Court has supplemental jurisdiction over Plaintiff's remaining claims arising under the law of the State of California under 28 U.S.C. § 1367.

7.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events, omissions, and harm giving rise to Plaintiff's claims occurred within this district, specifically in Huntington Beach, California.

## PARTIES

8.     Plaintiff Votorantim S.A. is a corporation organized under the laws of Brazil with its principal place of business located at Rua Amauri, 255 – 13th floor, São Paulo, Brazil.

9.     Defendant João D. Santos is an individual identifying himself as Corporate Director at Votorantim Group USA.  On information and belief, "João D. Santos" is an alias or other false name which he uses to avoid responsibility for his fraudulent, infringing, and criminal activities.  On information and belief, Defendant Santos is a resident of the State of California.  Despite Plaintiff's efforts to locate Defendant Santos through his stated contact information, he has proven unresponsive.  On information and belief, Defendant Santos is affirmatively concealing his identity and whereabouts in order to evade responsibility for his illegal conduct and to continue to defraud innocent individuals and businesses using Plaintiff's goodwill, business reputation and intellectual property.

10.     Defendant Claudia Lopes is an individual described by Defendant Santos as handling financial affairs for Defendant Votorantim Group LLC.  On information and belief, "Claudia Lopes" is an alias or other false name which she

uses to avoid responsibility for her fraudulent, infringing, and criminal activities. On information and belief, Defendant Lopes is a resident of the State of California. Despite Plaintiff's efforts to locate Defendant Lopes, she has proven unresponsive. On information and belief, Defendant Lopes is affirmatively concealing her identity and whereabouts in order to evade responsibility for her illegal conduct and to continue to defraud innocent individuals and businesses using Plaintiff's goodwill, business reputation and intellectual property.

11.    Defendant Votorantim Group LLC ("Votorantim Group") is a California limited liability company, entity number 202002410033, with its principal place of business located at 17011 Beach Boulevard, Suite 900, Huntington Beach, California 92647.  Defendant's registered agent for service of process is Legalzoom.com, Inc. (C2967349).

12.    Plaintiff is informed and believes, and on that basis alleges, that João D. Santos (1) controlled the business affairs of Votorantim Group; (2) commingled and funds and assets of Votorantim Group with his own, and otherwise diverted the company's assets for his own personal use; (3) disregarded legal formalities in the management of Votorantim Group; (4) inadequately capitalized Votorantim Group; (5) held himself out as personally responsible for the debts and obligations of Votorantim Group; (6) used Votorantim Group as a mere shell, instrumentality, and/or conduit to engage in the illegal and tortious activity alleged herein; (7) used Votorantim Group to shield himself against liability for the conduct alleged herein. Under these circumstances, Plaintiff is informed and believes, and on that basis alleges, that there is such a unity of interest and ownership between João D. Santos and Votorantim Group that the separate personalities of João D. Santos and Votorantim Group do not exist in reality.

13.    In addition, an inequitable result will occur, at Plaintiff's expense, if the acts of Votorantim Group are not treated as the acts of João D. Santos.  As a result,

Plaintiff is informed and believes, and on that basis alleges, that João D. Santos is
the alter ego of Votorantim Group.

14.    Plaintiff does not know the true names and capacities, whether
individual, associate, corporate or otherwise, of Defendants sued herein as DOES 1-
10 inclusive, and Plaintiff therefore sues said Defendants by such fictitious names.

15.    Plaintiff will amend this Complaint to state the true names and
capacities of the Defendants once they have been discovered.  Plaintiff is informed
and believes, and, on that basis, alleges that each Defendant sued herein by a
fictitious name is in some way liable and responsible to Plaintiff based on the facts
herein alleged.

## FACTUAL ALLEGATIONS

16.    In September 2020, Defendant Santos, with the support of DOE
Defendants and acting through infringing shell corporation Votorantim Group,
approached Guillermo Maser Madueño Posth, company manager for Zuma Sport
EIRL, a Peruvian corporation.

17.    Defendant Santos sent Mr. Madueño Posth by email pricing lists for the
purchase of various consumer electronics, including Sony PlayStation 5, Microsoft
Xbox One, and Nintendo Switch gaming consoles, as well as various video games
to be played on those consoles.

18.    Defendant Santos identified himself as Corporate Director of
"Votorantim Group USA."  This entity has no formal existence, but is instead a
complete fiction used to commit fraud.  In the alternative, Votorantim Group USA
may be a reference to Defendant Votorantim Group LLC.

19.    Defendant Santos's emails to Mr. Madueño Posth contained the
following email signature infringing upon Plaintiff's intellectual property:

1

2



3

4

5

6

7

8

9

10

11

12    20.    Plaintiff has registered the trademark "VOTORANTIM" as of February

13  25, 2014 with the United States Patent and Trademark Office under Registration No.

14  4486739 as a Standard Character Mark.  Defendants do not have permission or

15  authorization to use this trademark to conduct business or for any other purpose.

16    21.    Plaintiff has registered the wordmark (i.e., "logo") depicted above as of

17  September 3, 2013 with the United States Patent and Trademark Office under

18  Registration No. 4394364 as a Design Plus Words, Letters, and/or Numbers.

19  Defendants do not have permission or authorization to use this wordmark to conduct

20  business or for any other purpose.

21    22.    Defendant Santos's email signature also includes a reference to

22  Defendant "Votorantim Group LLC."  Plaintiff has never authorized the formation

23  of such an entity, nor has it ever sought to do business under the name Votorantim

24  Group LLC.  Instead, Defendant Santos, with the assistance of the DOE Defendants,

25  formed Votorantim Group by filing an electronic registration with the California

26  Secretary of State on January 7, 2020.

27

28

23.   On information and belief, Defendants usurped Plaintiff's intellectual property with the specific intention to give Mr. Madueño Posth the false impression that he was doing business with one of Plaintiff's legitimate operating companies.

24.   On information and belief, Defendants were aware that Plaintiff is a holding company with 515 operating units located around the world.  Defendants seized upon the breadth of Plaintiff's worldwide operations to create ambiguity about whether they were in fact a legitimate affiliate by attempting to simply "hide amongst a crowd."

25.   Defendants took steps to lend an air of credibility to their criminal scheme by renting office space from Davinci Meeting Rooms located at 17011 Beach Boulevard, Suite 900, Huntington Beach, California.

26.   Defendants took further affirmative action to accomplish their fraud. When Mr. Madueño Posth expressed concerns about whether Votorantim Group was in fact a member of Plaintiff's corporate family of operating units, Defendant Santos falsified documents to provide false assurances.

27.   Specifically, on November 5, 2020, in order to induce Mr. Madueño Posth to make payment in connection with a fraudulent sales order in excess of USD$1.1 million, Defendant Santos attached a document which he described as Plaintiff's "2019 Annual Report."  Defendant Santos further explained that "[o]n the last page, you will be able to see Votorantim Group in USA."

///

///

///

///

///

///

///

///

Case No.

28.    Page 125 of the document described as the "2019 Annual Report"
attached to Defendant Santos's November 5, 2020 email to Mr. Madueño Posth
appears as follows, in relevant part:

## CORPORATE INFORMATION

**Votorantim S.A.**
Rua Amauri, 255 – 13th floor
São Paulo (SP) – Brazil
Zip code: 01448-000
Phone: + 55 11 3704-3300

**Votorantim Group LLC.**
17011 Beach Blvd Suite 900
Huntington Beach (CA) – USA
Zip code: 92647
Phone: + 1 657 342 9736

**CoE**
Rua Olimpíadas, 205 – 9th floor
São Paulo (SP) – Brazil
Zip code: 04546-004
Phone: + 55 11 3475-3045

Rua José Cesar de Oliveira, 111 – 8th floor
São Paulo (SP) – Brazil
Zip code: 02675-031

Rodovia Curitiba/Rio Branco do Sul, 1,303
Curitiba (PR) – Brazil
Zip code: 82130-570
Phone: + 55 41 3388-5150

Jirón Vittore Scarpazza Carpaccio, 250 – int.
305
Lima – Peru
Phone number: + 51 715-7600

www.votorantim.com

///

///

///

///

///

///

8
COMPLAINT

Case No.

29.   The document sent by Defendant Santos is a pure forgery.  Plaintiff's true and correct 2019 Annual Report (available at https://api.mziq.com/mzfilemanager/v2/d/8b9699e2-23e0-419e-9df2-0c87f04b3208/fa04c2b9-ab64-0cb2-97fe-19a07b1d4e9d?origin=1) appears as follows, in relevant part:

**CORPORATE INFORMATION**

**Votorantim S.A.**
Rua Amauri, 255 – 13th floor
São Paulo (SP) – Brazil
Zip code: 01448-000
Phone: + 55 11 3704-3300

**CoE**
Rua Olimpíadas, 205 – 9th floor
São Paulo (SP) – Brazil
Zip code: 04546-004
Phone: + 55 11 3475-3045

Rua José Cesar de Oliveira, 111 – 8th floor
São Paulo (SP) – Brazil
Zip code: 02675-031

Rodovia Curitiba/Rio Branco do Sul, 1,303
Curitiba (PR) – Brazil
Zip code: 82130-570
Phone: + 55 41 3388-5150

Jirón Vittore Scarpazza Carpaccio, 250 – int. 305
Lima – Peru
Phone number: + 51 715-7600

www.votorantim.com

30.   Plaintiff's true and correct 2019 Annual Report plainly makes no reference to an entity known as "Votorantim Group LLC."

31.   Defendants further contributed to their criminal scheme through various acts of banking and wire fraud.  In particular, they created a bank account with a specific account number in the name of Votorantim Group LLC with First Citizens Bank & Trust Company (d/b/a First Citizens Bank), a North Carolina state-chartered

commercial bank headquartered in Raleigh, North Carolina. On information and belief, Defendants created or assisted in the creation of this bank account for the specific purpose to commit fraud and other illegal acts using Plaintiff's goodwill, business reputation and intellectual property.

32. Defendants also created a bank account with a specific account number in the name of Votorantim Group, LLC with SunTrust Bank, located at 303 Peachtree Street Northeast, Atlanta, Georgia. This account has since come under the control of Truist Bank. On information and belief, Defendants created or assisted in the creation of this bank account for the specific purpose to commit fraud and other illegal acts using Plaintiff's goodwill, business reputation and intellectual property.

33. Defendants also created fraudulent purchase orders for various consumer goods and transmitted those false documents to Zuma Sport EIRL by email. The fraudulent purchase orders featured Plaintiff's protected trademarks and wordmarks.

///

///

///

///

///

///

///

///

///

///

///

///

34.    The following is an excerpt of one such fraudulent and infringing purchase order sent by Defendants to Zuma Sport EIRL:



**SALES ORDER**

Amount Due (USD)
**$568,158.92**

BILL TO
Zuma Sport EIRL
Maser Madueño
Avenida Petit Thouars 5356
Oficina 3021
Miraflores, Lima 15074
Peru

511 2219525
maser@zumasport.com.pe

Invoice Number:  SO6-889561
Invoice Date:  October 15, 2020
Payment Due:  November 6, 2020

| ITEMS | QUANTITY | PRICE | AMOUNT |
|---|---|---|---|
| VOSP2445S<br>Sony PlayStation 5 Digital Edition Console<br>UPC 400064301615<br>Pre-Order<br>Ship Date: 11/09/2020 | 126 | $392.00 | $49,392.00 |
| VOSP2444S<br>Sony PlayStation 5 Standard Edition Console<br>UPC 400064261490<br>Pre-Order<br>Ship Date: 11/09/2020 | 146 | $492.00 | $71,832.00 |
| VOSP2446S<br>Sony PlayStation 5 DualSense Wireless Controller<br>UPC 400064301639<br>Pre-Order<br>Ship Date: 11/09/2020 | 600 | $47.55 | $28,530.00 |
| VOSP2447S<br>Sony PlayStation 5 DualSense Charging Station<br>UPC 400064301653<br>Pre-Order<br>Ship Date: 11/09/2020 | 550 | $13.95 | $7,672.50 |

**Votorantim**

Votorantim Group
17011 Beach Blvd
Suite 900
Huntington Beach, California 92647
United States

Page 1 of 7 for Sales Order #SO6-889561

35.    Through these methods of fraud and subterfuge, Defendants ultimately induced Zuma Sport EIRL to wire USD $23,500.00 on October 16, 2020 to Votorantim Group's SunTrust Bank/Truist account.

36.    Through these methods of fraud and subterfuge, as well as the creation of false purchase orders for various consumer goods bearing Plaintiff's registered trademarks and wordmarks, and the transmission of those false documents by email,

Case No.

Defendants ultimately induced Zuma Sport EIRL to wire USD $143,334.05 on November 9, 2020 to Votorantim Group's First Citizens Bank account.

37.    Upon receiving these funds, Defendants did not provide any consumer goods or any other consideration, despite the promises made in their applicable purchase orders.

38.    Efforts by Plaintiff and Zuma Sport EIRL to trace the funds wired to First Citizens Bank and SunTrust Bank/Bank of New York Mellon revealed that Defendants promptly withdrew all funds from and closed these accounts.

39.    Defendants likewise have vacated their office space located at 17011 Beach Boulevard, Suite 900, Huntington Beach, California.

40.    On March 17, 2021, Plaintiff, through the undersigned counsel, sent Defendant Santos and Votorantim Group a formal demand to cease and desist its unlawful activity, and to preserve all evidence of such misconduct.

41.    Defendants have not responded to Plaintiff's cease and desist demand. On information and belief, they continue to use Plaintiff's reputation, goodwill and intellectual property to defraud other innocent individuals and businesses.

**FIRST CAUSE OF ACTION**

**(FEDERAL TRADEMARK INFRINGEMENT OF A REGISTERED MARK, 15 U.S.C. § 1114 *et seq.*)**

42.    Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1-41 above.

43.    Plaintiff owns the exclusive right to use "VOTORANTIM" as a Standard Character Mark, USPTO Registration No. 4486739.  Plaintiff owns the exclusive right to use that certain wordmark bearing USPTO Registration No. 4394364 as a Design Plus Words, Letters, and/or Numbers (collectively with Standard Character Mark, USPTO Registration No. 4486739, the "Votorantim Marks").

44.   Defendants had actual and constructive knowledge of Plaintiff's registered rights in the Votorantim Marks prior to Defendants' use of the Votorantim Marks.

45.   Defendants, without the permission or consent of Plaintiff, have used, and, on information and belief, continue to use, the Votorantim Marks in connection with various forms of criminal and unlawful activity—including bank fraud, wire fraud, and common law fraud.

46.   Defendants rely on the Votorantim Marks—which convey Plaintiff's goodwill, reputation and credibility earned over a century of successful business operations—to lure unsuspecting entities into paying amounts against fraudulent purchase orders for consumer goods, and then to steal those entities' money without delivering any such goods.

47.   Defendants have further falsified corporate documents bearing the Votorantim Marks to further their criminal scheme.

48.   Defendants' continued use of the Votorantim Marks has been intentional, willful, malicious, and in total disregard of Plaintiff's trademark and wordmark rights.  The knowing, intentional, and deliberate nature of Defendants' use of the Votorantim Marks as an instrument to accomplish wanton and flagrant criminal acts renders this an exceptional case under 15 U.S.C. § 1117(a).

49.   Defendants' continued use of the Votorantim Marks is likely to cause and is actually causing deception, confusion or mistake among consumers and/or the public as to the origin, sponsorship, or approval of Defendants' goods and services.

50.   Defendants' unauthorized use of the Votorantim Marks has resulted in and will continue to result in Defendants unfairly benefitting from the reputation of the Votorantim Marks and resulting in substantial and irreparable injury to the public, Plaintiff, and the substantial goodwill represented by the Votorantim Marks.

51.   As a direct and proximate cause of Defendants' unlawful intentional and willful conduct, Plaintiff has been and will continue to be irreparably harmed unless

Defendants are temporarily, preliminarily, and permanently enjoined from such unlawful conduct.

52.    Plaintiff has no adequate remedy at law.  Unless enjoined, Defendants will continue their unlawful, intentional, willful, and criminal conduct.

53.    In light of the foregoing, Plaintiff is entitled to a temporary, preliminary, and permanent injunction prohibiting Defendants from using the Votorantim Marks or any mark confusingly similar thereto, and to recover from Defendants all damages that Plaintiff has sustained and will sustain, and all gains, profits, and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action pursuant to 15 U.S.C. § 1117(a) or, at Plaintiff's option, statutory damages pursuant to 15 U.S.C. § 1117(c).

54.    As this is an exceptional case given Defendants' willful acts, pursuant to 15 U.S.C. § 1117(a), Plaintiff is further entitled to three times the amount of the above profits or damages, whichever is greater, and its attorney fees.

## SECOND CLAIM FOR RELIEF
### (FEDERAL TRADEMARK DILUTION, 15 U.S.C. § 1125(C))

55.    Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1-54 above.

56.    Defendants' conduct described herein and specifically, without limitation, their unauthorized use of the Votorantim Marks in commerce to advertise, market, and sell Defendants' products and goods, and to commit various state and federal laws by failing to deliver products and goods upon receiving payment therefor, are likely to cause dilution by blurring and tarnishment in violation of 15 U.S.C. § 1125.

57.    Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial for, among other things, diminution in the value of and goodwill associated with the Votorantim Marks, and injury to Plaintiff's businesses.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C.

Case No.

§ 1125(c).

58.    Defendants' actions described herein were intentional, deliberate, and willful, making this an exceptional case pursuant to 15 U.S.C. § 1117(a), and therefore Plaintiff is further entitled to three times the amount of the above profits or damages, whichever is greater, and their attorney fees.

## THIRD CLAIM FOR RELIEF

## (TRADEMARK INFRINGEMENT, CAL. BUS. & PROF. CODE § 14245)

59.    Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1-58 above.

60.    Defendants had actual and constructive knowledge of Plaintiff's registered rights in the Votorantim Marks prior to Defendants' use of the Votorantim Marks.

61.    Defendants, without the permission or consent of Plaintiff, have used and, on information and belief, continue to use the Votorantim Marks in connection with various forms of criminal and unlawful activity—including bank fraud, wire fraud, and common law fraud.

62.    Defendants rely on the Votorantim Marks—which convey Plaintiff's goodwill, reputation, and credibility earned over a century of successful business operations—to lure unsuspecting entities into paying amounts against fraudulent purchase orders for consumer goods, and then to steal those entities' money without delivering any such goods.

63.    Defendants have further falsified corporate documents bearing the Votorantim Marks to further their criminal scheme.

64.    Defendants' use of the Votorantim Marks is likely to deceive or cause confusion or mistake as to the origin, sponsorship, or approval of Defendants' products and services and is likely to cause consumers to believe that Defendants' products and services are authorized and approved by Plaintiff when, in fact, they are not.  Such use constitutes trademark infringement and unfair competition under

1  California law.

2      65.    Defendants' continued use of the Votorantim Marks has been

3  intentional, willful, malicious, and in total disregard of Plaintiff's trademark and

4  wordmark rights.  As such, Defendants have committed trademark infringement and

5  unfair competition under California law.

6      66.    As a direct and proximate cause of Defendants' unlawful intentional,

7  and willful conduct, Plaintiff has been and will continue to be irreparably harmed

8  unless Defendants are temporarily, preliminarily, and permanently enjoined from

9  such unlawful conduct.

10      67.    In light of the foregoing, Plaintiff is entitled to a temporary, preliminary,

11  and permanent injunction prohibiting Defendants from using the Votorantim Marks

12  or any mark confusingly similar thereto, and to recover from Defendants all

13  damages that Plaintiff has sustained and will sustain, including Defendants' profits,

14  actual damages, treble damages, costs, and reasonable attorney fees.

15  <strong>FOURTH CLAIM FOR RELIEF</strong>

16  <strong>(UNFAIR COMPETITION, CAL. BUS. & PROF. CODE § 17200)</strong>

17      68.    Plaintiff repeats and incorporates by reference the allegations in

18  Paragraphs 1-67 above.

19      69.    Plaintiff is informed and believes, and on those grounds alleges, that

20  Defendants have intentionally adopted the Votorantim Marks with the intent to

21  commit state and federal crimes.  In doing so, Defendants also intended to cause

22  confusion, mistake, and deception as to the sources of Defendants' goods with the

23  intent to represent their services as those of Plaintiff, and as such, have committed

24  unfair competition in violation of California law.

25      70.    As a direct and proximate cause of Defendants' unlawful intentional,

26  and willful conduct, Plaintiff has been and will continue to be harmed by

27  Defendants injuring Plaintiff's business reputation, and by holding out Defendants'

28  services as Plaintiff's services, all in violation of California law.

71.    Defendants' conduct described herein has caused and will continue to cause irreparable harm and damage to Plaintiff unless Defendants are temporarily, preliminarily, and permanently enjoined from such unlawful conduct.

72.    Defendants' infringement of the Votorantim Marks constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business and Professions Code §17200 *et seq.*

73.    Defendants have likewise used the Votorantim Marks as an instrument to commit wire fraud in violation of 18 U.S.C. § 1343, bank fraud in violation of 18 U.S.C. § 1344, and mail fraud in violation of 18 U.S.C. § 1341, among other crimes.

74.    In light of the foregoing, Plaintiff is entitled to a temporary, preliminary, and permanent injunction prohibiting Defendants from using the Votorantim Marks or any mark confusingly similar thereto, and an order disgorging all profits on the use, display, or sale of Defendants' goods.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby prays for relief as follows:

1.    For temporary, preliminary, and permanent injunctive relief enjoining Defendants, their officers, agents, employees, directors, representatives, successors, assigns, related companies, and those in privity with Defendants or in active concert or participation with Defendants from:

   a.  using the Votorantim Marks, or any confusingly similar images, symbols, or trademarks in connection with the advertising, promotion, provision, marketing, and distribution of its goods or services in a way that is likely to cause confusion among consumers;

   b.  representing by words or conduct that Defendants or their goods or services are authorized, sponsored, endorsed, or otherwise connected with Plaintiff;

   c.  any other conduct which causes or is likely to cause confusion, mistake,

deception, or misunderstanding as to the origin, source, affiliation, connection, or association of the Defendants' goods.

2.    For a judgment of compensatory damages as Plaintiff has sustained as a consequence of Defendants' willful infringement of the Votorantim Marks and unfair competition, and to account for all gains, profits, and advantages derived by Defendants from their criminal and unlawful conduct using the Votorantim Marks, and that award to Plaintiff be trebled as provided under 15 U.S.C. § 1117; alternatively, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each and every trademark that Defendants have willfully counterfeited and infringed;

3.    For an award of punitive damages to deter such misconduct by Defendants in the future;

4.    For an award of treble damages for the deliberate, willful trademark infringement and false designation of origin by Defendants pursuant to 15 U.S.C. § 1117(a);

5.    For costs of suit;

6.    For reasonable attorney fees and disbursements incurred herein according to proof;

7.    For an award of pre-judgment and post-judgment interest, to the extent allowable; and

8.    For all such other and further relief, including injunctive, declaratory, compensatory, and any other relief as the Court may deem proper and just.

///

///

///

///

///

///

1

## **JURY DEMAND**

2
Plaintiff demands a trial by jury on all matters decidable by jury.

3

4
Dated: May 25, 2021                                    **BAKER & MCKENZIE LLP**

5

6
                                             By:   */s/ Teresa H. Michaud*

7
                                                     Teresa H. Michaud
                                                     Attorneys for Plaintiff

8
                                                     VOTORANTIM S.A

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28